VALENTI et al., Respondents, v. CONSTANTINE et al., Appellants. (Supreme Court, General Term, Second Department. July 26, 1895.) Action by Orazio Valenti and another against Richard B. Constantine and another. Moore, Wallace & Dudley, for appellant Richard B. Constantine. A. C. Astarita, for respondents.

PRATT, J. We are of opinion that the referee's conclusions are sustained by the testimony. Not only was there considerable evidence that Constantine had personal notice of the work done by the plaintiffs, but it seems pretty well established that the tenant had authority to make repairs. He made them for some years, and, until the present instance, his authority was never questioned. There are no exceptions that require notice, and judgment is affirmed, with costs. All concur.

VAN KEUREN, Appellant, v. VAN KEUREN, Respondent. (Supreme Court, General Term, Third Department. July 6, 1895.) Action by William W. Van Keuren, as executor of the estate of Rachel Van Keuren, deceased, against Peter Van Keuren. O. P. Carpenter (D. M. De Witt, of counsel), for appellant. G. R. Adams, for respondent.

PUTNAM, J. The affidavits submitted to the court below were conflicting. Those read by the plaintiff tended to show that defendant, on the trial in the county court, on the motion for a nonsuit being granted, in open court, waived all claims except as provided in the will of deceased. The minutes of the court and extracts from the stenographer's minutes also tended to show such a waiver. But defendant claimed that the minutes of the court did not contain all that took place on the trial; that the waiver he made was only of the demands set up in the answer, and not of the cause of action for which the suit of Peter E. Van Keuren against Rachel Van Keuren and another had been brought. In his affidavit for defendant, Mr. Adams says in reference to the waiver made at the time the motion for a nonsuit was granted: "That deponent expressly stated to the court, when the nonsuit was granted, that the defendant, by asking for the nonsuit, did waive the claims in the answer in the action, and the nonsuit would have the effect of a waiver, as there was a bar by statute of limitations for the commencement of a new action thereon; that deponent did not, by word or act, consent or say that the defendant waived anything, or claims further than as above stated, and did not intend to waive any other cause of action." The court below probably relied upon the statement of the transaction in court, when the complaint was dismissed, made by Mr. Adams. Such statement was the more probable one. It was prob-

able that, on granting the motion for a nonsuit, the learned county judge should suggest a waiver by defendant of his counterclaims set up in the answer. It would have been an unusual proceeding for the judge, as a condition of dismissing the complaint, to require the defendant to waive claims not set up in the pleadings. We see no reason for overruling the conclusion reached by the court below on the conflicting affidavits. The order should be affirmed, with $10 costs and disbursements.

MAYHAM, P. J., not voting.

In re VAN VLECK. (Supreme Court, General Term, First Department. June 14, 1895.) No opinion. Order affirmed, with $10 costs and disbursements.

VILLAGE OF FLUSHING, Respondent, v. CARRAHER, Appellant. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by village of Flushing against Patrick Carraher. No opinion. Motion for leave to go to the court of appeals denied. See 33 N. Y. Supp. 951.

WALSH, Respondent, v. SAVAGE et al., Appellants. (Supreme Court, General Term, Third Department. July 6, 1895.) Action by Martin Walsh against Henry Savage and Patrick H. Savage. No opinion. Judgment affirmed, with costs and disbursements.

WATROUS, Appellant, v. LOW et al., Respondents. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Matilda R. Watrous against Ellen E. Low and others. No opinion. Motion to dismiss appeal denied, upon condition that the appellant duly serve her case on appeal, and argue said appeal at the term of this court for the second Monday of September, 1895; otherwise, said motion is granted.

WEIR, Appellant, v. SULLIVAN, Respondent. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Hamilton Weir against Roger Sullivan. E. R. Darling, for appellant. M. I. Haviland, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WELLS, Respondent, v. WELLS, Appellant. (Superior Court of Buffalo, General Term. January, 1895.) Action by Jennie E. Wells against Henry H. Wells. No opinion. Order appealed from affirmed, with $10 costs and disbursements.

WHITE, J., not sitting.